[No. 17145. Department Two. September 29, 1922.]

LUCY E. BARNES, *Respondent*, v. MABLE SPURCK *et al.*, *Appellants.*[1]

PARTY WALLS (1)—AGREEMENT—CONSIDERATION—SEVERABLE CONTRACT. There is no consideration for a party wall agreement by a purchaser of a vacant lot to pay for a wall already built on the line, in case he made use of it, and it is immaterial that less than half of the wall was on his premises.

SAME (1)—RIGHTS OF PARTIES—EFFECT OF ARBITRATION AGREEMENT. Where a party wall agreement apportions the consideration for two separate provisions, one relating to the cost of construction and the other to repairs and rebuilding, the provisions are severable; and consideration for the one relating to repairs does not support the other which was without consideration.

PARTY WALLS (1)—CONTRACTS (72)—ENTIRE OR SEVERABLE. Where a party wall agreement was without consideration, an arbitration of the cost of construction, pursuant to the agreement, was of no effect; and acceptance of the amount of the award was without consideration and did not bind the parties to the award.

Appeal from a judgment of the superior court for Yakima county, Taylor, J., entered January 10, 1921, in favor of the plaintiff, in an action on a party wall agreement, tried to the court. Reversed.

*J. M. Dunn* and *Joseph M. Glasgow,* for appellants.

*O. L. Boose,* for respondent.

[1]Reported in 209 Pac. 513; 212 Pac. 583.

MACKINTOSH, J.—Respondent was the owner of lot 1, in block 31, town of Sunnyside, prior to July 21, 1911, and she and others were the owners of lots 2 and 3, adjoining lot 1. On July 21, there was a two-story brick building on lot 1, and on that date the owners of lots 2 and 3 conveyed them by general warranty deed to the appellants. The wall of the building on lot 1 was thirteen inches in thickness; three and one-tenth inches on lot one, and nine and nine-tenths inches on lot 2. Subsequently to this conveyance, and on August 10, 1911, the respondent and appellants entered into a party wall agreement which, after stating that the wall rested partly on each of the lots, provided that, in consideration of mutual benefits to be derived thereunder, if appellants should construct a building on their lot and make use of the wall, they should pay therefor one-half of the cost of construction. This amount was to be determined by arbitration. The agreement further provided that the repair and rebuilding of the wall after its use by the appellants should be borne equally by the appellants and respondent, and that the agreement should be construed as a covenant running with the land. At the time this agreement was entered into, neither party knew that the wall was not equally upon lots 1 and 2, but as far as the determination of the question in this case is concerned, we do not take it as being material that more than one-half of the wall was upon lot 2. Matters remained in this condition until the summer of 1919, when the appellants constructed a building upon their lots and used the wall. Subsequently, in December, 1919, the question of the value of the cost of the wall was submitted to arbitration under the agreement between the parties, and in the acceptance of the award it is stated that the parties having ''caused the foregoing arbitration to be made

and having submitted the above question set forth and no other question to said arbitrators, and the said arbitrators having made the above and foregoing award, we hereby assent thereto and agree to said award.'' The appellants refusing to pay the amount determined upon by the arbitrators as being one-half of the cost of the wall, this action was brought to recover that amount. The defense is that the party wall agreement is void for lack of consideration, by reason of the fact that, at the time the agreement was entered into, the appellants already had the right to use the wall. The authorities seem to sustain the following quotation from 20 R. C. L. 1099:

''By the great weight of authority, at common law, where one party erects a wall one-half on his own ground and one-half on that of the adjoining owner, without any agreement, express or implied, between them, and the adjoining owner subsequently builds and uses this wall, he cannot be made to contribute any part of the cost of its erection.''

This court, in *Hawkes v. Hoffman*, 56 Wash. 120, 105 Pac. 156, 24 L. R. A. (N. S.) 1038, recognizes and follows that rule. By the conveyance of July 21, 1911, the appellants became the absolute owners of that portion of the wall which was situated upon their property and had a right to use it. The subsequent party wall agreement, therefore, which purported to grant that right of user to the appellants, in fact granted them nothing they did not already possess. The party wall contract, therefore, must fail for lack of consideration, unless there was something else provided in the contract which would act as a consideration to support the agreement to pay one-half of the cost of the wall. The only other consideration in the contract is the one which relates to repairs and rebuilding. That provision relates expressly to such repairs and rebuilding as

may be necessary after the construction of the building by the appellants. It would seem that that agreement was entirely independent of the agreement for the payment of one-half of the cost of the original construction of the wall. It was an agreement based upon independent considerations and so clearly segregable from the agreement here in controversy that it cannot be said to have been part of the consideration for the payment demanded in this suit. This court, in *Godefroy v. Hupp,* 93 Wash. 371, 160 Pac. 1056, Ann. Cas. 1918E 494, when considering the question of the validity of a contract and its divisibility, held that, where several stipulations are not so interdependent but that an express engagement as to any one may be reasonably taken from the whole, it is severable. It would seem that the minor provisions regarding the future repair and rebuilding of the wall can be separated from the principal provisions in regard to the wall and its cost. The contract itself apportions the consideration for these two separate agreements, and we are constrained to hold that the appellants' contention is correct that that portion of the contract here in suit is void for lack of consideration.

Whatever may be the moral obligations of the appellants, their legal obligation has not been affected by the fact that, after erecting the building and using the wall, they entered into an arbitration agreement such as was called for by the party wall agreement. That arbitration merely concerned the value of the building, and although, after that value had been determined, the parties, as we have shown by an extract from their acceptance of the arbitration, agreed to that amount, in law that agreement was of no effect, being an agreement based upon a contract which was void. We find no escape from the conclusion that the action of the

trial court was incorrect, and the judgment must be and is reversed and an order entered dismissing the action.

PARKER, C. J., MAIN, and HOVEY, JJ., concur.

## ON REHEARING.

[*En Banc.* February 3, 1923.]

PER CURIAM.—Upon a rehearing *En Banc,* the majority of the court adhere to the Department opinion. The judgment of the trial court will be reversed and an order entered dismissing the action.